UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESTERN RESERVE LIFE
ASSURANCE CO. OF OHIO,

      Petitioner,

v.                                                              Case No.  8:13-cv-954-T-24 MAP

STEVEN R. RASKY,

      Respondent.
_____/

## **ORDER**

This cause comes before the Court on Petitioner's Petition to Confirm Arbitration Award, and for the Entry of an Injunction, and for Entry of Final Judgment (Doc. No. 1) and Petitioner's Motion for Summary Judgment (Doc. No. 7).  Respondent opposes the motions.  (Doc. No. 8). As explained below, the petition to confirm the arbitration award and motion for summary judgment are granted.

## **I.  Background**

Petitioner Western Reserve Life Assurance Company of Ohio arbitrated a dispute with Respondent Steven R. Rasky regarding his alleged scheme to provide free life insurance premiums at Petitioner's expense.  The arbitration occurred in St. Petersburg, Florida, and the parties entered into a settlement agreement during the arbitration proceedings in December of 2011.  The settlement agreement provides that: (1) Zurich American Insurance Company agreed to pay Petitioner $400,000 on behalf of Rasky, (2) Rasky agreed to surrender his insurance license, and (3) Rasky consented to the entry of an injunction that prohibits him from seeking or obtaining an insurance license in any state. (Doc. No. 1, p. 6-12, 47-50).  On May 9, 2012, the

arbitrator entered an arbitration award incorporating the parties' settlement agreement. (Doc. No. 1, p. 14-16).

Less than one year later, on April 15, 2013, Petitioner moved to confirm the arbitration award. In response, Rasky filed an Answer and Affirmative Defenses. (Doc. No. 4). Thereafter, Petitioner filed the instant motion for summary judgment and Respondent filed a response in opposition.

## II.  Petition to Confirm Arbitration Award and Motion for Summary Judgment

Section 9 of the Federal Arbitration Act ("FAA") provides the following:

> If the parties in their [arbitration] agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the [arbitration] agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Petitioner's petition to confirm the arbitration award is timely filed, and the parties' arbitration agreement provides that the arbitrator's award may be entered as a final judgment in any court that has jurisdiction. (Doc. No. 6).

Section 12 of the FAA provides a time limit for serving a motion to vacate, modify, or correct an arbitration award—such a motion must be served within three months after the arbitration award. 9 U.S.C. § 12. There is no evidence or argument that such a motion was previously filed, and the time for filing such a motion has expired. See Booth v. Hume Publishing, Inc., 902 F.2d 925, 929 n.4 (11th Cir. 1990); Cullen v. Paine, Webber, Jackson &

Curtis, 863 F.2d 851, 854 (11th Cir. 1989). Thus, there does not appear to be a basis for the Court to deny Petitioner's petition to confirm the arbitration award.

Rasky filed a response to the petition and to the motion for summary judgment, in which he appears to argue that the awarded injunction is too broad and should be modified due to changed factual circumstances. Specifically, he contends that his chosen profession is a mortgage loan officer, and there is a new state endorsement that would require him to fill out a questionnaire in which he will have to acknowledge the existence of the injunction. Further, he states that acknowledging the existence of the injunction will put him in jeopardy of losing the state endorsement and ruin his career prospects. As such, he cites Ruffo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992), as legal support for his argument that the awarded injunction is too broad and should be modified due to changed factual circumstances.

In Ruffo, the Supreme Court stated the following:

> Rule 60(b)(5) provides that a party may obtain relief from a court order when "it is no longer equitable that the judgment should have prospective application," not when it is no longer convenient to live with the terms of a consent decree. Accordingly, a party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree. If the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the changed circumstance.
>
> A party seeking modification of a consent decree may meet its initial burden by showing . . . a significant change either in factual conditions or in law.

> Modification of a consent decree may be warranted when changed factual conditions make compliance with the decree substantially more onerous. . . . Modification is also appropriate when a decree proves to be unworkable because of unforeseen obstacles, or when enforcement of the decree without modification would be detrimental to the public interest.
>
> \*   \*   \*
>
> Once a moving party has met its burden of establishing either a change in fact or in law warranting modification of a consent decree, the district court should determine whether the proposed modification is suitably tailored to the changed circumstance. In evaluating a proposed modification, [the court should remember that] . . . [o]nce a court has determined that changed circumstances warrant a modification in a consent decree, the focus should be on whether the proposed modification is tailored to resolve the problems created by the change in circumstances. A court should do no more, for a consent decree is a final judgment that may be reopened only to the extent that equity requires.

Id. at 384, 391 (internal citations omitted).

The Court finds Rasky's reliance on Ruffo to be misplaced. Rasky has not provided the Court with any *evidence* that if he acknowledges the existence of the injunction, he will be unable to obtain the state endorsement. His conclusory statement that this injunction will ruin his career is not sufficient.

Additionally, Rasky attempts to argue the unfairness of the settlement that he entered into and that he made an unwise decision by agreeing to the settlement. The Court, however, cannot consider such an argument in connection with a motion to confirm an arbitration award.

**III.  Conclusion**

Accordingly, the Court concludes that confirmation of the arbitration award is required. Therefore, it is ORDERED AND ADJUDGED that:

(1) Petitioner's Petition to Confirm Arbitration Award, and for the Entry of an Injunction, and for Entry of Final Judgment (Doc. No. 1) is **GRANTED**.

(2) Petitioner's Motion for Summary Judgment (Doc. No. 7) is **GRANTED**.

(3) The Court hereby confirms the arbitration award.

(4) The Clerk is directed to enter judgment in favor of Petitioner. Specifically, the judgment shall state that Steven R. Rasky is permanently enjoined and restrained, from directly or indirectly obtaining or attempting to obtain an insurance license, including any license to sell or broker the sale of insurance, in California or in any other state.

(5) The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of July, 2013.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Defendant

5